**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Lorraine Pimentel, | ) | No. CV-09-01649-PHX-NVW |
| Plaintiff, | )<br>) | **ORDER** |
| vs. | )<br>) | |
| Michael J. Astrue, Commissioner of Social | )<br>) | |
| Security, | ) | |
| Defendant. | )<br>) | |
| | ) | |

Before the Court is Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (Doc. 29).

**I.    Background**

Pimentel has rheumatoid arthritis, fibromyalgia, hepatitis C, carpal tunnel syndrome, and degenerative disc disease of the cervical and lumbar spine, among other things.  She applied for a period of disability and disability insurance benefits on December 19, 2005, alleging disability beginning December 10, 2005.  An administrative hearing was held on August 21, 2008, and the administrative law judge ("ALJ") issued an unfavorable decision on October 14, 2008.  On November 19, 2010, the Court vacated the final decision of the Commissioner of Social Security and remanded the case for further administrative proceedings.  On January 18, 2011, Pimentel filed a notice of appeal, seeking remand for award of benefits rather than for further administrative proceedings.

On February 9, 2011, an ALJ issued a fully favorable decision.  On February 22, 2011, the Ninth Circuit dismissed the appeal upon Plaintiff's motion.

**II.    Legal Standard**

On a motion for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), a prevailing party is entitled to attorney's fees "unless th[is] court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  Under the EAJA, the government's "position" includes both its litigating position and the action or failure to act by the agency upon which the civil action is based. 28 U.S.C. § 2412(d)(2)(D).  Here, then, it includes the ALJ's decision and the Commissioner's arguments to this Court in defense of the ALJ's decision.

The Supreme Court has defined "substantially justified" as "justified to a degree that could satisfy a reasonable person."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The government bears the burden of showing that its position was substantially justified. *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005).

**III.   Analysis**

The ALJ's October 14, 2008 unfavorable decision included three distinct errors: (1) failure to identify specific and legitimate reasons supported by substantial evidence for rejecting the opinion of treating rheumatologist Ravi Bhalla, M.D.; (2) failure to identify specific, clear, and convincing reasons for rejecting Pimentel's subjective testimony; and (3) conceded error by failing to assess Pimentel's work-related abilities on a function-by-function basis before expressing her residual functional capacity in terms of the exertional levels of work, *i.e.*, light as sedentary.

The first two errors flow from the ALJ assigning controlling evidentiary weight to the opinions of treating physician Dale R. Schultz, D.O., and State agency reviewing consultant Steven Otto, M.D., J.D., who relied on Dr. Schultz's speculation that Pimentel just wanted "to be on some supplemental income where she doesn't have to work" because her lack of education limited her job opportunities.  Both the ALJ and Dr. Otto

1   ignored Dr. Schultz's observation that Pimentel's low back and lower extremity pain "is

2   still problematic" and that some of her upper extremity pain was caused by recurrent

3   carpal tunnel syndrome.  Instead, they focused on Dr. Schultz's comment made two

4   weeks later that "I do not feel she is disabled by either her carpal tunnel syndrome or her

5   low back problem and have refused to make medical statements to that effect."  The ALJ

6   assigned controlling evidentiary weight to Dr. Otto's opinion even though Dr. Otto did

7   not treat or examine Pimentel, Dr. Otto merely reviewed others' observations and

8   opinions, and, as the ALJ stated, "Dr. Otto's conclusions were far more critical of the

9   claimant's subjective allegations than the opinions of many of the other specialists who

10   examined the claimant."

11       Moreover, Dr. Schultz's opinion was expressly limited to "her carpal tunnel

12   syndrome or her low back problem."  Therefore, it did not contradict Dr. Bhalla's opinion

13   regarding Pimentel's pain and fatigue caused by rheumatoid arthritis, fibromyalgia, and

14   related conditions.  But even if it had, the ALJ was required to identify specific and

15   legitimate reasons for rejecting Dr. Bhalla's opinion.  The ALJ rejected Dr. Bhalla's

16   opinion and Pimentel's subjective testimony because of Dr. Schultz's and Dr. Otto's

17   opinions, primarily regarding Pimentel's motives and credibility, but failed to identify

18   either "clear and convincing" or "specific and legitimate" reasons for doing so.  This is

19   not a case where the ALJ met the lower standard, but did not quite satisfy the higher

20   standard.  In this case, the ALJ did not come close.

21       Further, the third error, failing to assess Pimentel's work-related abilities on a

22   function-by-function basis, is not harmless, as the Commissioner contends, merely

23   because the ALJ ultimately relied on the vocational expert's testimony regarding Dr.

24   Otto's function-by-function assessment of Pimentel's residual functional capacity.  Dr.

25   Otto's opinion was not entitled to be given controlling weight and cannot, therefore, serve

26   as a substitute for the ALJ's function-by-function assessment.

27       Thus, the Commissioner was not substantially justified in defending the ALJ's

28   October 14, 2008 unfavorable decision, special circumstances do not make a fee award

1  unjust, and the EAJA requires the Court to award Pimentel  attorneys' fees and other

2  expenses.  However, Pimentel is not entitled to a fee award for attorneys' fees incurred

3  related to her appeal because she was not a prevailing party on the appeal.  Her fee

4  request for $6,831.87 will therefore be reduced by $822.78 for services related to the

5  appeal.  In addition, Pimentel will be awarded $350.12 for the 2.0 hours expended in

6  preparing her reply brief.

7        IT IS THEREFORE ORDERED that Plaintiff's Application for Attorney Fees

8  Under the Equal Access to Justice Act (Doc. 29) is granted except for fees incurred on

9  appeal.  Plaintiff is awarded attorneys' fees in the amount of $6,359.21 and costs in the

10  amount of $350.00.

11        IT IS FURTHER ORDERED that the Clerk enter judgment in favor of Plaintiff in

12  the amount of $6,359.21 for attorneys' fees and $350.00 for costs against Defendant, with

13  interest at the federal judgment rate from the date of entry of judgment.

14        DATED this 22nd day of April, 2011.

15

16        _____
                          Neil V. Wake
17                  United States District Judge

18

19

20

21

22

23

24

25

26

27

28